UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. LINDER, | ) | Case No.: 1:20 CV 1667 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD SHELDON, Warden, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned case is Petitioner Charles Linder's ("Petitioner" or "Linder") Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254 (ECF No. 1). Linder is an Ohio inmate currently in custody at the Richland Correctional Institution, serving an aggregate 13-year sentence for attempted murder and kidnapping, with firearm specifications, and for having weapons while under disability. (*See* Report and Recommendation at 1, 9, ECF No. 15; *State v. Linder*, Cuyahoga County Court of Common Pleas, Case No. CR-17-616950-A.) Linder filed his Petition (ECF No. 1) on July 28, 2020, and Respondent Edward Sheldon ("Respondent" or "Sheldon") filed a Return of Writ (ECF No. 10) on November 17, 2020. Petitioner filed a Traverse to the Return of Writ (ECF No. 14) on October 27, 2021. Under Local Rule 72.2, the court referred the matter to Magistrate Judge James E. Grimes, Jr. (the "Magistrate Judge" or "Judge Grimes") for a Report and Recommendation ("R & R"). (Order, ECF No. 5.) For the following reasons, the court adopts Judge Grimes's Recommendation that the Petition be denied in

its entirety.

### I. Summary of Judge Grimes's Report & Recommendation

Judge Grimes submitted a R & R (ECF No. 15) on February 13, 2023, recommending that Linder's Petition be denied. (R & R at 28, ECF No. 15.) A detailed summary of the factual and procedural background underlying Linder's Petition can be found in the R & R. (*Id.* at 1–12.) In his Petition, Linder raises four grounds for relief:

> **Ground one:** Linder's rights under the Sixth and Fourteenth Amendments were violated by the ineffective assistance of trial counsel, who failed 1.) to move to bifurcate the charge of having a weapon while under disability from Linder's other charges; 2.) to object when the state elicited impermissible opinion testimony as to whether Linder was under the influence of PCP during his pretrial statement to Detective Reese; and 3.) to object when Detective Reese testified about his ability to tell when someone is lying to him.
>
> **Ground two:** Linder's Fifth and Sixth Amendment rights were violated when the trial court denied his motion to suppress the pretrial, involuntary statements Linder made to Detective Reese.
>
> **Ground three:** Linder's due process rights were violated when the trial court denied his Crim. R. 29 motion even though the state's evidence was insufficient to support convictions for attempted murder with firearms specifications, felonious assault with firearms specifications, and having weapons while under disability.
>
> **Ground four:** Linder's due process rights were violated when the trial court imposed separate sentences on the attempted murder and kidnapping convictions; since the same conduct can be construed to constitute both offenses, they should have been merged as allied offenses of similar import.

(R & R at 11–12, ECF No. 15 (citing Petition at 4–15, ECF No. 1)). As a threshold matter, the Magistrate Judge found that Petitioner had fully exhausted and not procedurally defaulted on each

of his arguments in the state courts, and therefore proceeded to consider the merits of each ground. (*Id.* at 17.) A summary of Judge Grimes's analysis of each ground follows.

**A.     Ground One**

Petitioner first contends that his trial counsel provided ineffective assistance, thereby denying him his Sixth and Fourteenth Amendment rights. Linder argues that his counsel erred in failing to bifurcate the charge of having weapons while under disability from his other charges, which allowed the State to introduce evidence of his prior convictions as a necessary element of the former charge. (*Id.* at 19.) Linder asserts that the evidence of prior convictions prejudiced the jury against him on his other charges. (*Id.*) The Ohio Court of Appeals found that Linder had failed to show that this error prejudiced his defense at trial, as required under *Strickland v. Washington*, 466 U.S. 668 (1984), because Linder chose to testify at trial and therefore opened the door to the introduction of evidence of prior convictions regardless of the elements of the charged offenses. (*Id.*) The Magistrate Judge concluded that Linder had failed to show that the Court of Appeals's finding was contrary to established law, or to otherwise demonstrate that his counsel's failure to bifurcate his trial likely undermined the reliability of the trial's outcome. (*Id.* at 20–21.)

Linder also maintains that his counsel erred in failing to object to the trial testimony of Detective Reese. (*Id.* at 21.) The first instance Petitioner identifies is Reese's statement that he "had the ability to tell when someone was lying." (*Id.*) Judge Grimes found that this statement could not support an ineffective assistance claim because the habeas court is bound, absent a showing of unreasonableness which Linder failed to make here, to defer to the state court's factual finding that Reese had not offered his opinion as to the veracity of any particular witness in the state case. (*Id.*) Petitioner also argues that his counsel should have objected to Reese's statement that he did not

smell PCP on Petitioner during their conversation at the police station. (*Id.*) Judge Grimes rejected this argument as well, because the Court of Appeals found that the statement was proper rebuttal testimony under Ohio law (an error of which is not cognizable in federal habeas court), and because Linder had otherwise failed to identify any constitutional issue with Reese's testimony. (*Id.* at 21–22.) For these reasons, the Magistrate Judge concluded that Linder's first ground failed.

**B.     Ground Two**

Petitioner next argues that his Fifth and Sixth Amendment rights were violated when the trial court denied his motion to suppress statements he made to Detective Reese, because Petitioner was under the influence of PCP at the time and the statements were therefore involuntary. (*Id.* at 22.) The Magistrate Judge rejected this ground because both the trial court and the Court of Appeals reviewed videotape of the interview in question and concluded that Linder was not under the influence of PCP, and the state courts' factual finding is presumed correct absent a showing of unreasonableness that Linder has not made here. (*Id.* at 22–23.) Judge Grimes also noted that even if Linder had been under the influence of PCP during the interview, that fact would not matter absent police coercion, which Linder had not alleged. (*Id.* at 23.)

**C.     Ground Three**

Petitioner also contends that his due process rights were violated because the evidence presented by the State was insufficient to support convictions for attempted murder, kidnapping, or having weapons while under disability. (*Id.* at 23.) The Magistrate Judge concluded that Linder had not met the burden necessary to overcome the deference owed to the finding of both the trier of fact in the first instance and the reviewing court on appeal, that the evidence presented could reasonably have supported a guilty verdict. (*Id.* at 24.) First, reviewing the facts set forth at trial, including

evidence of life-threatening injuries to the victim and testimony from multiple witnesses indicating that Linder was the attacker, Judge Grimes reasoned that a rational trier of fact could have found Linder guilty. (*Id.* at 25.) Judge Grimes further concluded that the Court of Appeals was not unreasonable in rejecting Petitioner's contentions that the evidence was insufficient because of investigators' failure to test blood swabs from the scene, and because of unreliable testimony from witnesses. (*Id.* at 26–27.) The appellate court found that the blood swab evidence was of little significance in light of the substantial other evidence that Linder had assaulted the victim at the scene, and that the jury had been in the best position to evaluate the credibility of witness testimony. (*Id.*) For these reasons, the Magistrate Judge rejected Petitioner's third claim.

**D.    Ground Four**

Finally, Petitioner maintains that the trial court violated his due process rights by sentencing him separately for his attempted murder and kidnapping convictions, instead of merging the two as allied offenses of similar import. Judge Grimes noted that Linder does not challenge the state court's factual determination that the assault of the victim in the apartment was a distinct incident from the removal of the victim from the apartment. (*Id.* at 28.) Because that factual finding is presumed correct, and because two factually distinct acts cannot be merged as allied offenses, the Magistrate Judge concluded that Petitioner's fourth claim also fails. (*Id.*)

## II. Petitioner's Objection to the Report and Recommendation

Petitioner filed an Objection (ECF No. 16) to the Magistrate Judge's R & R on March 8, 2023. He sets forth three objections therein:

> **Objection 1:** Linder objects to the factual finding in the R&R that counsel's decision not to object when Detective Reese testified that that [*sic*] he "had the ability to tell when someone was lying" , [*sic*]

-5-

>is a factual finding to which a habeas court is bound to defer because Linder does not make a showing, that the decision ... was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. 2254(d)(2). (See R&R, page 21).
>
>**Objection 2:** Linder objects to the finding in the R&R that counsel's decision not to object when Detective Reese testified that he didn't smell PCP on Linder during their conversation at the police station on March 29, 2017, is not a cognizable issue, since the Ohio Court of Appeals rejected this argument based on state-law principles about proper rebuttal evidence. (See R&R, pages 21-22).
>
>**Objection 3:** Linder objects to the finding in the R&R that the trial court did not violate his constitutional rights when it denied his motion to suppress the statements he made to Detective Reese on March 29, 2017.

(Objection at PageID #1161–62, ECF No. 16.) The court will address each objection in turn.

**A.     Objection One**

Petitioner first objects to the Magistrate Judge's deferral to the appellate court's factual finding that Detective Reese "did not state his opinion or belief as to the veracity of any witness in this case[,]" in denying Petitioner's claim that his trial counsel's failure to object to Reese's testimony constituted ineffective assistance. (*Id.* at PageID #1162–63.) Petitioner contends that, under Ohio law, Reese should not have been allowed to express the opinion that Petitioner was untruthful. (*Id.*) However, the Ohio Court of Appeals reviewed the content of Reese's testimony and concluded that "Detective Reese did not state his opinion or belief as to the veracity of any witness in this case." *State v. Linder*, 2018-Ohio-3951, 2018 WL 4705597, at ¶ 42 (Ohio Ct. App. 2018). Save for his conclusory assertion that Reese claimed Linder was lying, Linder makes no attempt to show that the Court of Appeals's factual determination was unreasonable. The court must therefore reject Petitioner's first objection.

**B.     Objection Two**

Petitioner next objects to the Magistrate Judge's finding that Petitioner's trial counsel's failure to object to Reese's statement that Reese didn't smell PCP on Petitioner was not ineffective assistance, because the state appellate court found Reese's testimony to be proper rebuttal testimony and the habeas court cannot cognize that question of state law. (Objection at PageID #1164–66.) Petitioner argues that the question is cognizable by the habeas court, and that the Magistrate Judge should have instead evaluated whether Petitioner's counsel's failure to object prejudiced his defense under *Strickland*. (*Id.*) This argument misunderstands Judge Grimes's reasoning. The Ohio Court of Appeals found that Reese's statement was proper rebuttal testimony in the context of its *Strickland* analysis, and concluded that Linder's counsel was not deficient for failing to object to what was ultimately proper testimony. *Linder*, 2018 WL 4705597, at ¶ 50. Judge Grimes, in turn, accepted the state court's finding as to the state law evidentiary issue, and its resulting denial of Linder's ineffective assistance claim, because Linder had made no showing that the Ohio Court of Appeals had failed to reasonably apply the facts or otherwise contravened clearly established precedent in its determination. (R & R at 21–22, ECF No. 15.) The Magistrate Judge's analysis was proper, and Linder's second objection therefore fails.

**C.     Objection Three**

Finally, Petitioner objects to the finding in the R & R that his constitutional rights were not violated by the trial court's denial of his motion to suppress statements he made to Detective Reese. (Objection at PageID #1166, ECF No. 16.) Specifically, Linder argues that the trial and appellate courts were wrong to conclude that he was not on PCP based on videotape of his interview with Reese, because neither Reese nor the courts are experts on the indicators of PCP use, and no such

experts testified. (*Id.*) This contention is insufficient to rebut the presumption that the state courts' factual findings are correct. The lack of expert testimony on the question of Linder's PCP use was for the state courts to weigh in their factual determination. Linder offered no facts, and made no showing of unreasonableness in the state courts' determination, that would have justified Judge Grimes's rejection of that determination. Furthermore, the Magistrate Judge made clear that even if the state court found that Petitioner had been under the influence of PCP, that fact would be immaterial absent a showing of police coercion, which Linder did not attempt to make. (R & R at 23, ECF No. 15.) Thus, Petitioner's third objection therefore fails.

After careful *de novo* review of the R & R, the Parties' arguments, Linder's Objection, and all relevant materials in the record, the court finds that Judge Grimes's Recommendation is fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Linder's Petition must therefore be dismissed. Accordingly, the court adopts the Report & Recommendation (ECF No. 15) in its entirety and hereby dismisses the Petition (ECF No. 1). The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                                  */s/ SOLOMON OLIVER, JR.*
                                                  UNITED STATES DISTRICT JUDGE

May 19, 2023